UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF INDIANA

INDIANAPOLIS DIVISION

MATTHEW PEIFFER,Petitioner,v.WALMART INC.,Respondent.

CIVIL ACTION NO.: 1:26-cv-2173-JPH-MJD

FILED
10/07/2026
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

Walmart inc
<br>

**PETITION FOR APPOINTMENT OF AN ARBITRATION PROVIDER PURSUANT TO SECTION 5 OF THE FEDERAL ARBITRATION ACT (9 U.S.C. § 5)**

Petitioner Matthew Peiffer ("Petitioner"), proceeding pro se, petitions this Court pursuant to Section 5 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 5, for an order designating and appointing the American Arbitration Association ("AAA") as the neutral arbitration provider to administer the pending arbitration between Petitioner and Respondent Walmart Inc. ("Respondent"), and in support states as follows:

**I. JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 9 U.S.C. § 5 and 28 U.S.C. § 1331 (federal question). Alternatively, diversity jurisdiction exists under 28 U.S.C. § 1332, as Petitioner resides in Indiana, Respondent is a Delaware corporation with its principal place of business in Bentonville, Arkansas, and the amount in controversy in the underlying arbitration exceeds $75,000.

2. Venue is proper in this District and Division under 28 U.S.C. § 1391(b) and 9 U.S.C. § 5 because the acts and deactivation giving rise to the dispute occurred within Delaware County, Indiana.

## II. PARTIES

3. Petitioner Matthew Peiffer is an individual residing in Delaware County, Indiana, who performed delivery services via Respondent's Spark Driver platform.
4. Respondent Walmart Inc. is a multinational corporation operating in Indiana, with its corporate headquarters located in Bentonville, Arkansas.

## III. FACTUAL AND PROCEDURAL BACKGROUND

5. Petitioner performed delivery services for Respondent pursuant to a written Non-Disclosure and Dispute Resolution Agreement ("Agreement"), executed on March 3, 2026. A true and correct copy of the relevant agreement is attached hereto as Exhibit A.
6. Section II.2.C.iii of the Agreement establishes a mandatory, sequential selection procedure:

"The arbitration provider shall be selected by mutual agreement of the Parties... the agreed upon arbitration provider shall identify five candidate Arbitrators for each arbitration, and each party shall strike no more than two of the proposed candidates."

7. Prior to executing the updated agreement, Petitioner initiated communications regarding operational control and driver classification on February 27, 2026, and logged a formal operational dispute on March 2, 2026.
8. On March 18, 2026, Respondent deactivated Petitioner's platform account.
9. Petitioner exhausted all internal administrative and dispute prerequisites required under Section II.2.C.i of the Agreement, including lodging a formal deactivation appeal on March 18, 2026, and participating in a telephonic informal dispute resolution conference

on March 30, 2026, which Respondent concluded on March 31, 2026, by upholding the deactivation.

10. Petitioner timely filed a formal Arbitration Demand with the American Arbitration Association ("AAA"), which initiated Case No. 01-26-0003-3124. A true and correct copy of the AAA Case Initiation Notice is attached hereto as Exhibit B.

11. Under applicable AAA administrative rules and the terms of the parties' agreement, Respondent was invoiced for its mandatory administrative fee of $2,225.00, due on or before July 8, 2026. Respondent failed and refused to pay the fee. Even though AAA is the provider Walmart requires mass arbitration cases.

12. Respondent's retained counsel, Allison McDevitt of Ogletree Deakins, formally notified the AAA and Petitioner that Respondent objected to proceeding under AAA administration. True and correct copies of Respondent's objection letters and emails are attached hereto as Exhibit C.

13. Rather than complying with the contractual provider-selection sequence, Respondent demanded that Petitioner bypass the administrative provider entirely, select an ad hoc individual arbitrator directly (specifically proposing Robert Dignam), and forfeit the contractually guaranteed five-candidate panel and strike rights under Section II.2.C.iii.

14. Petitioner rejected the proposed individual arbitrator, demanded adherence to the provider-first framework, and proposed established providers including the AAA and JAMS.

15. On August 10, 2026, Respondent's counsel reiterated its refusal to confirm a provider without first selecting an arbitrator, while simultaneously conceding that Respondent "is

not saying it will not agree to JAMS, AAA, or some other provider." A copy of this correspondence is attached hereto as Exhibit D.

16. Because the parties have reached an irreconcilable impasse regarding the mutual selection of an administrative provider, a mechanical "lapse in the naming of an arbitrator... or provider" has occurred within the meaning of 9 U.S.C. § 5.

**IV. PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that this Court:

A. Enter an Order pursuant to 9 U.S.C. § 5 designating and appointing the American Arbitration Association ("AAA") as the administrative provider for AAA Case No. 01-26-0003-3124;

B. Direct the AAA, upon appointment, to identify five candidate arbitrators and administer the two-strike selection process mandated by Section II.2.C.iii of the Agreement;

C. Order Respondent to tender all requisite administrative provider fees to the AAA within fourteen (14) days of the Court's order; and

D. Grant such other and further relief, including statutory court costs, as the Court deems just and proper.

Dated: October 6, 2026

Respectfully submitted,

[signature] Pro Se

Matthew Peiffer, Pro Se

119 S Dill Street Muncie Indiana 47303

Muncie, IN

Petitioner Pro Se